GRIFFIS, J.,
for the Court.
¶ 1. Robert Glass, pro se, appeals an order of the Circuit Court of Marshall County, Mississippi denying his petition for post-conviction relief. Glass perfected this appeal, and he asserts the following issues as error: (1) whether he received ineffective assistance of counsel; (2) whether his sentence was unconstitutional; and (3) whether there were any procedural errors. Finding no error, we affirm.
FACTS
¶ 2. Glass was indicted for capital murder, in violation of Mississippi Code Annotated Section 97-3-19(2)(e) (Supp.2002). During his trial, Glass withdrew his not guilty plea and pled guilty to the reduced charge of murder, Mississippi Code Annotated Section 97-3-19(l)(a) (Supp.2002). Before accepting the plea, the trial judge questioned Glass extensively to determine whether his plea was made freely, knowingly, and voluntarily. Under oath, Glass testified that he was not under the influence of any intoxicants and had not received any promises or threats, which induced him to plead guilty. Glass confirmed that he understood the consequences of his guilty plea and that the plea would waive his right to constitutional protections. Glass then admitted to intentionally killing Jacob Bynum. The trial judge accepted the plea and sentenced Glass to serve the term of “remainder of his natural life” in the custody of the Mississippi Department of Corrections. There was no mention of parole in the sentence.
¶ 3. Glass filed a motion for post-conviction relief where he asserted ineffective assistance of counsel. Glass subsequently filed a motion to supplement his post-conviction relief motion, claiming that his sentence was excessive and unconstitutional. The trial court denied the motion for post- *764 conviction relief. The trial court held that Glass was assisted by competent counsel and that he was not deprived of any constitutional rights.
ANALYSIS

1. Ineffective assistance of counsel

¶ 4. Glass argues that his counsel misled and coerced him into pleading guilty. Glass claims that his counsel told him that he would receive only ten years if he pled guilty to murder as compared to the potential to receive the death penalty if he continued with his trial. Glass asserts that he relied on this advice, and if not for that advice, he would not have pled guilty to the reduced charge of murder. Glass concludes that this alleged erroneous advice renders his plea involuntary.
¶ 5. In reviewing a claim of ineffective assistance of counsel, we use a two part test. The defendant must demonstrate that his counsel’s performance was deficient and that this deficiency prejudiced him in such a way that he was denied a fair trial. Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). This deficiency is assessed by looking at the totality of the circumstances. Hiter v. State, 660 So.2d 961, 965 (Miss.1995). An appellate court applies “a strong presumption that counsel’s conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy.” Burns v. State, 813 So.2d 668, 673(¶ 14) (Miss.2001).
¶ 6. In the record before us, Glass provided no evidence to support his claim that he was promised a sentence of only ten years and that he was induced into pleading guilty. The supporting affidavits from Glass’s family members only state that the attorney advised Glass that if he went forward with the trial, he would receive the death penalty.
¶ 7. Based on the plea transcript, we are satisfied that Glass entered the guilty plea in a manner that was knowing, voluntary, and intelligent. He testified under oath that no one made any promises, coerced, or induced him into pleading guilty. He also confirmed that he understood the consequences of his plea. Glass was allowed an opportunity at that time to raise any questions or request clarification of any information heard during the hearing. However, he failed to do so. We find that the record of the plea hearing belies Glass’s claims.
¶ 8. Furthermore, the record does not indicate that Glass would have received a different outcome but for his attorney’s actions. Indeed, Glass received a lesser sentence than he would have received if he had not entered the plea agreement. If Glass had not entered into the plea agreement, there is a possibility that he would have received the death penalty. Glass received the benefit of the bargain, and there is no reason to find otherwise. Considering the totality of the circumstances, the performance of Glass’s trial counsel was not deficient, nor did it prejudice Glass in any way. Therefore, this assignment of error is without merit.

2. Unconstitutional Sentence

¶ 9. Glass next argues that his sentence was excessive and unconstitutional. The trial judge sentenced Glass to life in prison. “Every person who shall be convicted of murder shall be sentenced by the court to imprisonment for life in the State Penitentiary.” Miss.Code Ann. § 97-3-21 (Supp.2002). Since the trial court imposed a sentence within the statutory limitations provided by the Mississippi legislature, the sentence was appropriate, and there was *765 no error. Hoops v. State, 681 So.2d 521, 587 (Miss.1996). Therefore, this assignment of error is without merit.

3. Procedural errors

¶ 10. Glass presented several additional issues for the first time in this appeal: (1) the trial court was without authority to accept his guilty plea; (2) the trial court failed to grant or deny his request to supplement his initial post-conviction motion; and (3) the trial court clerk denied him fundamental fairness by incorrectly stamp-fifing his motion to supplement.
¶ 11. Issues not previously submitted to the trial court for a ruling, may not be considered by this Court for the first time on appeal. Williams v. State, 752 So.2d 477(¶ 7) (Miss.Ct.App.1999). We, therefore, decline to find error based on these issues.
¶ 12. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING POST-CONVICTION RELIEF IS AFFIRMED. COSTS ARE ASSESSED TO MARSHALL COUNTY.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, LEE, IRVING, MYERS AND CHANDLER, JJ., CONCUR.