ROBERTS, J.,
 

 for the Court:
 

 ¶ 1. Robert Glass pled guilty to murder in 1999 in the Circuit Court of Marshall County. After being sentenced, he filed a petition for post-conviction relief (PCR), which was denied by the trial court. Glass appealed the denial. However, this Court affirmed the trial court’s ruling. Glass filed a second petition for PCR on October 1, 2008. His second petition was also summarily denied by the trial court. Aggrieved by the trial court’s disposition of his second petition for PCR, Glass appeals. Finding that Glass’s current petition for PCR is barred as it is a successive writ, we affirm.
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 2. Glass was indicted for capital murder on April 29, 1999, in the Circuit Court of Marshall County. He pled guilty to the reduced charge of murder in violation of Mississippi Code Annotated section 97-3-19(l)(a) (Rev.2001) on March 1, 2001, and was sentenced to life in the custody of the Mississippi Department of Corrections. Glass subsequently filed a petition for PCR, which was denied by the trial court. He appealed the circuit court’s denial and alleged that: he received ineffective assistance of counsel; his sentence was excessive and unconstitutional; and other procedural errors, which were not raised before the trial court, merit reversal. The trial court’s denial of Glass’s petition for PCR was affirmed by this Court in
 
 Glass v. State,
 
 856 So.2d 762 (Miss.Ct.App.2003).
 

 ¶ 3. Glass filed a second petition for PCR in the Circuit Court of Marshall County on October 1, 2008, which was again summarily denied. In his appeal of the trial court’s denial, Glass echoes those claims presented to the trial court. Namely, he argues the following issues: his sentence was unconstitutional; his guilty plea was not intelligently and voluntarily entered; the trial court committed plain error when it failed to inform Glass of his proposed right to a direct appeal of his sentence; his indictment was faulty; he received ineffective assistance of counsel; and the cumulative errors he has identified warrant reversal of his conviction. Addi
 
 *1202
 
 tionally, he requests an evidentiary hearing to present matters outside the record, which Glass states would bolster his claim of ineffective assistance of counsel.
 

 DISCUSSION
 

 ' WHETHER GLASS’S PETITION FOR PCR IS BARRED AS A SUCCESSIVE WRIT
 

 ¶4. Glass’s current appeal stems from the trial court’s denial of his second petition for PCR. Mississippi Code Annotated sections 99-39-1 to -29 (Rev.2007) provide the mechanism by which convicted felons may petition the bench for post-conviction relief. However, such requests may not continue
 
 ad infinitum.
 
 Specifically, a trial court’s grant or denial of a petition for PCR is a final judgment, and it “shall be a bar to a second or successive motion under [the Mississippi Uniform Post-Conviction Collateral Relief Act (the Act) ]” unless a named exception applies. Miss.Code Ann. § 99-39-23(6) (Supp.2009).
 

 ¶ 5. Pursuant to section 99-39-23(6), a convict may only file a successive writ if: it raises the issue of supervening insanity prior to the execution of a death sentence; there is an intervening decision of the Mississippi or United States Supreme Courts that adversely affected the petitioner’s conviction or sentence; the convict has new evidence, which was “not reasonably discoverable at the time of trial,” that casts such a large shadow over the conviction or sentence so as to be practically conclusive of an alternate outcome; or the convict claims that his sentence has expired or right to early release has been revoked in error. In addition to successfully identifying one of the four statutory exceptions that would allow the consideration of a successive petition for PCR, a convict seeking to file such a petition is also obliged to demonstrate that the arguments presented have not previously been argued and adjudged by the trial court.
 
 Retherford v. State,
 
 749 So.2d 269, 274 (¶ 9) (Miss.Ct.App.1999).
 

 ¶ 6. The only such exception that Glass alleges allows him to file a successive writ is the existence of an intervening decision. With regard solely to Glass’s proposed unconstitutional sentence, he argues that
 
 Apprendi v. New Jersey,
 
 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000) and
 
 Blakely v. Washington,
 
 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004) satisfy the “intervening-decision” exception. Glass’s argument is essentially that his sentence of life is unconstitutional because the trial court and not a jury decided his punishment. However, neither
 
 Apprendi
 
 nor
 
 Blakely
 
 provide any support for Glass’s claim.
 

 ¶7. In
 
 Apprendi,
 
 the Supreme Court found unconstitutional a New Jersey hate-crime statute that allowed a trial judge to increase a defendant’s punishment on his conviction of a second-degree offense to that which was identical to the punishment imposed for conviction of the first-degree crime as it removed from the purview of the jury an essential element of the offense.
 
 Apprendi,
 
 530 U.S. at 491-92, 120 S.Ct. 2348. However, the Supreme Court made clear that its holding did not interfere with a judge’s ability to sentence a defendant
 
 “within the range
 
 prescribed by statute.”
 
 Id.
 
 at 481, 120 S.Ct. 2348.
 
 Blakely
 
 is similarly unhelpful in overcoming Glass’s procedural hurdle as its holding also centers around the unconstitutionality of a sentence enhancement beyond that which was statutorily proscribed and based upon factual determinations outside those which a jury found.
 
 Blakely,
 
 542 U.S. at 301, 124 S.Ct. 2531. Additionally, and as identified by this Court in
 
 Glass,
 
 “[sjince the trial court imposed a sentence within the statutory limitations provided by the
 
 *1203
 
 Mississippi Legislature, [Glass’s] sentence was appropriate, and there was no error.”
 
 Glass,
 
 856 So.2d at 764-65 (¶ 9) (citing
 
 Hoops v. State,
 
 681 So.2d 521, 537 (Miss.1996)). A sentence of life was the only available sentence given the crime to which Glass pled guilty to having committed. Miss.Code Ann. § 97-3-21 (Rev. 2006). Therefore, as Glass has failed to successfully argue that any of the issues raised in his current petition for PCR satisfy any exception enumerated in 99-39-23(6), he is unable to overcome the procedural bar.
 

 ¶ 8. In addition to the procedural bar against a successive writ, Glass’s current petition, had it been his first plea for review, it would nonetheless still be barred. Mississippi Code Annotated section 99-39-5(2) (Supp.2009) states that in the context of a guilty plea, a petition for PCR must be filed “within three (3) years after entry of the judgment of conviction” unless a listed exception applies. Glass pled guilty on March 1, 2001. His current petition for PCR was filed on October 1, 2008, well past the time limit granted to file for relief under the Act. The supreme court stated:
 

 The fair and orderly administration of justice dictates that a person accused of a crime be afforded the opportunity to present his claims before a fair and impartial tribunal. It does not require that he be given multiple opportunities to “take a bite at the apple.” Likewise, the orderly administration of justice does not require this Court to “lead a defendant by the hand” through the criminal justice system. It is this Court’s responsibility to provide a meaningful opportunity for defendant to raise his claims and have them adjudicated.
 

 Smith v. State,
 
 434 So.2d 212, 220 (Miss.1983). Glass was given ample opportunity to have his grievances surrounding his guilty plea and subsequent sentence addressed. His current petition for PCR and the appeal of its denial constitute a second bite at the apple and will not be heard.
 

 ¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF MARSHALL COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO MARSHALL COUNTY.
 

 KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, BARNES, ISHEE AND MAXWELL, JJ„ CONCUR.