WISE, Justice.
The United States District Court for the Southern District of Alabama, Southern Division (“the federal district court”), has certified to this Court the following question pursuant to Rule 18, Ala. R.App. P.:
“Whether Ala.Code § 11-81-3 (1975) (as amended) requires that an Alabama municipality have refunding or funding bond indebtedness as a condition of eligibility to proceed under Chapter 9 of Title 11 of the United States Code?”
We answer this question in the negative.
7. Factual Background
The following background information presented by the federal district court will be helpful to an understanding of this case:
“On October 9, 2009, the City of Prichard, Alabama filed a bankruptcy petition under Chapter 9 of Title 11 of the United States Code. In order to be a debtor under Chapter 9, a municipality must be ‘specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter.’ 11 U.S.C. § 109(c)(2).
“Alabama’s statute which authorizes a municipality to file bankruptcy provides:
“ ‘The governing body of any county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title which shall authorize the issuance of refunding or funding bonds may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers, it is expressly declared that the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.’
“Ala.Code § 11-81-3 (1975) (as amended).
“In response to the bankruptcy petition, a group of the City of Prichard’s employees (who are vested in the City’s Retirement Plan) sought dismissal of the City of Prichard’s petition. The employees allege that the City of Prichard may not be a debtor under Chapter 9 because the City of Prichard is not an entity specifically authorized by State law.
“Specifically, the employees’ position is that Ala.Code § 11-81-3 makes the refunding or funding bond indebtedness a threshold requirement under Alabama law for a municipality to file under Chapter 9 and that the City of Prichard does not meet this requirement.1 The Bankruptcy Court agreed and dismissed the City of Prichard’s petition. The *3 City of Prichard appealed to the United States District Court.
[[Image here]]
"1 There is no evidence before the Court that the City of Prichard currently has any debt in the form of refunding or funding bonds.”

II. Discussion

The City of Prichard (“the City”) and a group of current City employees who are vested in the City’s retirement plan (“the employees”) have filed opposing briefs asserting their interpretations of § 11-8-3, Ala.Code 1975. Jefferson County has also filed an amicus curiae brief in this case.[1]
In answering the federal district court’s question, we are guided by the following principles of statutory construction:
“In Archer v. Estate of Archer, 45 So.3d 1259, 1263 (Ala.2010), this Court described its responsibilities when construing a statute:
“1 “ ‘[I]t is this Court’s responsibility in a case involving statutory construction to give effect to the legislature’s intent in enacting a statute when that intent is manifested in the wording of the statute.... “ ‘ “ ‘[I]f the language of the statute is unambiguous, then there is no room for judicial construction and the clearly expressed intent of the legislature must be given effect.’ ” ’ ” ... In determining the intent of the legislature, we must examine the statute as a whole and, if possible, give effect to each section.’
“ ‘ “Ex parte Exxon Mobil Corp., 926 So.2d 303, 309 (Ala.2005). Further,
“ ‘ “ ‘when determining legislative intent from the language used in a statute, a court may explain the language, but it may not detract from or add to the statute.... When the language is clear, there is no room for judicial construction.... ’
“ ‘ “Water Works & Sewer Bd. of Selma v. Randolph, 833 So.2d 604, 607 (Ala.2002).” ’
“(Quoting Ex parte Birmingham Bd. of Educ., 45 So.3d 764, 767 (Ala.2009).) Similarly, in Lambert v. Wilcox County Commission, 623 So.2d 727, 729 (Ala.1993), the Court stated:
“ ‘ “The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute.... In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses ... and words are given their plain and usual meaning.... Moreover, just as statutes dealing with the *4 same subject are in parí materia and should be construed together, ... parts of the same statute are in pari materia and each part is entitled to equal weight.” ’
“(Quoting Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380-81 (Ala.1979).)”
First Union Nat’l Bank of Florida v. Lee Cnty. Comm’n, 75 So.3d 105, 111-12 (Ala.2011).
“When interpreting a statute, a court must first give effect to the intent of the legislature. BP Exploration & Oil, Inc. v. Hopkins, 678 So.2d 1052 (Ala.1996).
“ ‘The fundamental rule of statutory construction is that this Court is to ascertain and effectuate the legislative intent as expressed in the statute. League of Women Voters v. Renfro, 292 Ala. 128, 290 So.2d 167 (1974). In this ascertainment, we must look to the entire Act instead of isolated phrases or clauses; Opinion of the Justices, 264 Ala. 176, 85 So.2d 391 (1956).’
“Darks Dairy, Inc. v. Alabama Dairy Comm’n, 367 So.2d 1378, 1380 (Ala.1979) (emphasis added). To discern the legislative intent, the Court must first look to the language of the statute. If, giving the statutory language its plain and ordinary meaning, we conclude that the language is unambiguous, there is no room for judicial construction. Ex parte Waddail, 827 So.2d 789, 794 (Ala.2001).”
City of Bessemer v. McClain, 957 So.2d 1061, 1074-75 (Ala.2006).
With regard to Chapter 9 bankruptcies, 11 U.S.C. § 109(c) provides:
“(c) An entity may be a debtor under chapter 9 of this title if and only if such entity—
“(1) is a municipality;
“(2) is specifically authorized, in its capacity as a municipality or by name, to be a debtor under such chapter by State law, or by a governmental officer or organization empowered by State law to authorize such entity to be a debtor under such chapter,
“(3) is insolvent;
“(4) desires to effect a plan to adjust such debts; and
“(5)(A) has obtained the agreement of creditors holding at least a majority of the claims of each class that such entity intends to impair under such plan in a case under such chapter;
“(B) has negotiated in good faith with creditors and has failed to obtain the agreement of creditors holding at least a majority in amount of the claim of each class that such entity intends to impair under a plan in a case under such chapter;
“(C) is unable to negotiate with creditors because such negotiation is impracticable; or
“(D) reasonably believes that a creditor may attempt to obtain a transfer that is avoidable under section 547 of this title.”
(Emphasis added.)[2]
Therefore, to proceed under Chapter 9 of the Bankruptcy Code, a municipality must be authorized by State law to be a debtor under federal bankruptcy law. The statute authorizing Alabama municipalities to be debtors under federal bankruptcy law is § 11-81-3, Ala.Code 1975, which, as *5 noted in the federal district court’s certified question, provides:
“The governing body of any county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title which shall authorize the issuance of refunding or funding bonds may exercise all powers deemed necessary by the governing body for the execution and fulfillment of any plan or agreement for the settlement, adjustment, refunding, or funding of the indebtedness of the county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title not inconsistent with the provisions of law relating to the issuance of refunding or funding bonds. Without limiting the generality of any of the foregoing powers, it is expressly declared that the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.”
In this case, the employees argue that the clause “which shall authorize the issuance of refunding or funding bonds” in the first sentence of § 11-81-3 specifies that only the governing bodies of those counties, cities, towns, or municipal authorities organized under Article 9, Chapter 47 of Title 11, Ala.Code 1975, that actually have indebtedness issued in the form of refunding or funding bonds have the authority to exercise their powers to execute and fulfill plans to adjust the indebtedness of such counties, cities, towns, or municipal authorities. They also argue that, when the two sentences of the statute are read in pari materia, the second sentence of the statute, which authorizes counties, cities, towns, and municipal authorities to readjust their indebtedness by filing petitions in bankruptcy, is likewise applicable only to those entities that actually have indebtedness in the form of refunding bonds or funding bonds. On the other hand, the City argues that § 11-81-3 is ambiguous and that the legislative history of the statute clearly shows the legislative intent to authorize any county, city, town, or municipal authority organized pursuant to Article 9, Chapter 47 of Title 11, Ala.Code 1975, to file for federal bankruptcy protection.
The language of the statute is unambiguous. The second sentence of § 11-81-3 provides:
“Without limiting the generality of any of the foregoing powers, it is expressly declared that the governing body shall have the power to take all steps and proceedings contemplated or permitted by any act of the Congress of the United States relating to the readjustment of municipal indebtedness, and the State of Alabama hereby gives its assent thereto and hereby authorizes each county, city or town, or municipal authority organized under Article 9, Chapter 47 of this title in the state to proceed under the provisions of the acts for the readjustment of its debts.”
(Emphasis added.) The first part of this sentence speaks in terms of “the governing body,” and the employees contend that the phrase “the governing body” as used there refers only to the governing bodies of those counties, cities, towns, or municipal authorities “which [have] authorized] the issuance of refunding or funding bonds.” However, even such a reading of the sentence does not lead to the result urged by the employees. In this part of the second *6 sentence, the legislature was merely expressing its intent that not only can the governing bodies referred to in the first sentence of § 11-81-8 readjust the indebtedness of the entities they govern as provided in the first sentence, but they can also proceed under federal law relating to the readjustment of municipal indebtedness. However, the second clause of the second sentence of § 11-81-3 does not speak in terms of governing bodies. Rather, it clearly states that the State of Alabama authorizes “each county, city or town, or municipal authority organized under Article 9, Chapter 47 of [Title 11]” to file for federal bankruptcy protection. Therefore, even if the phrase “which shall authorize the issuance of refunding or funding bonds” in the first sentence was intended to specify which governing bodies were authorized to readjust the indebtedness of a particular entity, no such limitation was inserted in the second clause of the second sentence, which provides the State’s general assent to and authorization for counties, cities, towns, and municipal authorities to seek federal bankruptcy protection. Therefore, it is clear that the legislature intended to authorize every county, city, town, or municipal authority organized under Article 9, Chapter 47 of Title 11, Ala.Code 1975, to proceed under the federal bankruptcy provisions. To adopt the interpretation of § 11-81-3 urged by the employees in this case would fly in the face of the clear legislative intent.

III. Conclusion

It is clear that the legislature intended to authorize every county, city, town, and municipal authority organized pursuant to Article 9, Chapter 47 of Title 11, Ala.Code 1975, to file for federal bankruptcy protection. Therefore, § 11-81-3 does not require that an Alabama municipality have indebtedness in the form of refunding bonds or funding bonds as a condition to eligibility to proceed under Chapter 9 of Title 11 of the United States Code. Accordingly, we answer the question certified by the federal district court in the negative.
QUESTION ANSWERED.
MALONE, C.J., and WOODALL, STUART, BOLIN, PARKER, MURDOCK, SHAW, and MAIN, JJ., concur.

. On July 19, 2011, Jefferson County filed its motion for leave to file an amicus curiae brief in support of the City. In its motion, Jefferson County asserted that it had "an acute interest in the availability of federal bankruptcy relief”; that, although it had debt in the form of warrants, it did not hold any bond debt: and that "this Court’s conclusion in this case may have some relevance to whether Jefferson County can, if necessary, commence federal bankruptcy proceedings to reorganize its debt.” Subsequently, on November 9, 2011, Jefferson County filed a bankruptcy petition under Chapter 9 of Title 11 of the United States Code. The Bank of New York Mellon, as the indenture trustee for holders of warrants issued by Jefferson County to pay for improvements to, and expansion of, its sewer system, challenged Jefferson County's eligibility to be a debtor pursuant to 11 U.S.C. § 109(c)(2) because it did not have outstanding bond indebtedness. However, on March 4, 2012, the United States Bankruptcy Court for the Northern District of Alabama, Southern Division, entered a memorandum opinion and an order in which it held that Jefferson County was eligible to be a debtor pursuant to 11 U.S.C. § 109(c).

. “The term ‘municipality’ means political subdivision or public agency or instrumentality of a State." 11 U.S.C. § 101(40).