# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2017-CP-00187-COA

**WILLIAM ANTONIO AVERY A/K/A WILLIAM**                    **APPELLANT**
**A. AVERY A/K/A WILLIAM KEN AVERY A/K/A**
**WILLIAM A. KEN AVERY A/K/A KEN A/K/A**
**KEN AVERY**

**v.**

**STATE OF MISSISSIPPI**                                              **APPELLEE**

DATE OF JUDGMENT:               01/03/2017
TRIAL JUDGE:                    HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED:      LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:         WILLIAM ANTONIO AVERY (PRO SE)
ATTORNEY FOR APPELLEE:          OFFICE OF THE ATTORNEY GENERAL
                                BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE:             CIVIL - POSTCONVICTION RELIEF
DISPOSITION:                    AFFIRMED - 01/29/2019
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     William A. Avery appeals the denial of his postconviction relief (PCR) motion challenging the revocation of his post-release supervision. Finding no error, we affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     On June 20, 2003, Avery pleaded guilty to possession of methamphetamine in Lauderdale County Circuit Court in cause number 645-02. Avery was sentenced to a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with 10 years suspended, five years to serve, followed by five years of reporting probation. In

2004, Avery was granted conditional parole and released. In 2006, Avery's conditional parole was revoked on the basis of "sale of cocaine and possession of cocaine with intent to deliver," and he was taken back into custody. In 2007, Avery was released once again, this time on earned-release supervision.

¶3.     On June 8, 2009, Avery was charged with the sale of cocaine within 1,500 feet of a church in cause number 691-06. Avery pleaded guilty and was sentenced "to serve a term of thirty years in the custody of the [MDOC] with twenty-nine years and three hundred fifty-nine days of such sentence suspended and five years reporting post-release supervision under the supervision of the [MDOC], to be followed by five years of non-reporting post-release supervision." The circuit court ordered that the sentence in cause number 691-06 run consecutively with the sentence in cause number 645-02, and the court ordered the probation and post-release supervision terms run concurrently.[1] As part of Avery's plea agreement, his probation in cause number 645-02 was not revoked and a charge of possession of cocaine with intent to distribute was dismissed. Furthermore, according to our records, no petition to revoke his probation was filed as a result of Avery's arrest in cause number 691-06.

¶4.     A little over a year later, while concurrently on probation for his conviction in cause number 642-02 and on post-release supervision for 691-06, Avery was charged with the sale of cocaine and felony fleeing in cause number 439-10. As a result, the trial court found that

_____

[1] In cause number 691-06, Avery received six days credit for time served. Therefore, Avery was released to serve the remainder of his term of probation in cause number 645-02, and the term of post-release supervision in cause number 691-06.

Avery had violated the terms of his probation and post-release supervision. On October 13, 2010, Avery's probation in cause number 645-02 and his post-release supervision in cause number 691-06 were revoked.

¶5. Avery was ordered to serve the ten years suspended in cause number 645-02 and received two-hundred and fifty days of credit for time served. Additionally, Avery was required to serve the remainder of his sentence in cause number 691-06. Avery also was sentenced to sixty years for the sale of cocaine and five years for felony fleeing in cause number 439-10, to be served concurrently. Avery is now serving a total of ninety-nine years and three hundred fifty-nine days for the convictions in cause numbers 645-02, 691-06, and 439-10.

¶6. Avery has an extensive history of appearing before this Court. In 2010, Avery appealed his conviction in cause number 439-10, filing a motion for a judgment notwithstanding the verdict or, in the alternative a new trial. The circuit court denied his motion, and this Court affirmed. *See Avery v. State*, 119 So. 3d 329 (Miss. Ct. App. 2012). In March 2011, Avery filed his first PCR motion claiming that the trial court imposed a sentence exceeding the sentence set forth in his guilty-plea petition in violation of his constitutional protection against double jeopardy. Avery also stated that his counsel rendered ineffective assistance by failing to object to the trial court's imposition of his "illegal sentence" and that he entered an unknowing, unintelligent, and involuntary guilty plea. The circuit court denied Avery's motion, and this Court affirmed. *See Avery v. State*, 95 So. 3d

3

765, 766 (Miss. Ct. App. 2012). Also in March 2011, Avery alleged that his defense counsel's performance was deficient and that he was denied a right to a speedy trial. This Court found no merit to his claims. *See Avery v. State*, 102 So. 3d 1178 (Miss. Ct. App. 2012).

¶7. In Avery's third PCR motion, in 2014, Avery argued that he was denied due process when the trial court allegedly misled him concerning the consequences of his guilty plea regarding his sentence in violation of Rule 8.04(A)(4)(b). This Court found Avery's PCR motion to be time-barred, successive, and substantively without merit, affirming the circuit court's denial. *See Avery v. State*, 179 So. 3d 1182 (Miss. Ct. App. 2015). Additionally, in 2014, Avery appealed a summary dismissal of his second PCR motion. Avery stated that he received ineffective assistance of counsel prior to and during his guilty plea. This Court affirmed the circuit court's dismissal, finding Avery's issue time-barred and successive-writ-barred. *See Avery v. State*, 183 So. 3d 109 (Miss. Ct. App. 2015).

¶8. In his latest PCR motion, his third regarding his sentence in cause number 691-06, Avery challenges the revocation of his post-release supervision. Avery argues that he was denied due process when the circuit court ordered his post-release supervision in cause number 691-06 to run concurrently with the probation term in cause number 645-02. Specifically, Avery asserts that the post-release supervision term in cause number 691-06 should not have begun until the probation term in cause number 645-02 was completed. Avery also argues that he received ineffective assistance of counsel. The circuit court denied

4

Avery's motion, and it is from that denial that Avery now appeals. After review of the briefs and the record, we find no error and affirm.

## STANDARD OF REVIEW

¶9. "When reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Purnell v. State*, 126 So. 3d 949, 951 (¶4) (Miss. Ct. App. 2013).

## DISCUSSION

I.      *Whether Avery's PCR petition is procedurally barred.*

¶10. Avery argues that the circuit court erred in revoking his post-release supervision in 691-06. Avery maintains that his sentence in 691-06 could not begin until his probation in 645-02 was completed.[2] In response, the State argues that Avery's PCR is time-barred and successive-writ-barred. "Under the Uniform Post Conviction Collateral Relief Act (UPCCRA), a motion for relief following a guilty plea is untimely unless filed within three years after entry of the judgment of conviction." *Smith v. State*, 118 So. 3d 180, 182-83 (¶7) (Miss. Ct. App. 2013) (citing *Watts v. State*, 97 So. 3d 722, 725 (¶7) (Miss. Ct. App. 2012)). "The UPCCRA also bars PCR petitions from our review if the movant has filed a previous PCR motion." *Id.*; *see also* Miss. Code Ann. § 99-39-23(6) (Supp. 2012).

---

[2] During this appeal, the Court found it necessary to request supplemental briefing on this issue. Both parties submitted additional briefs that were considered and addressed in this opinion.

¶11.    While Avery was sentenced to his first offense in cause number 645-02 in 2003, and his second offense in cause number 691-06 in 2009, his probation in cause number 645-02 was not revoked until the sentencing of his third offense, wherein both his probation in cause number 645-02 and his post-release supervision in cause number 691-06 were revoked. Since his revocation, Avery has filed two PCR motions regarding cause number 691-06 prior to the current one before us. "Under Mississippi Code Annotated section 99-39-23(6), second or successive PCR motions are procedurally barred." *Pickle v. State*, 64 So. 3d 1009, 1011 (¶8) (Miss. Ct. App. 2010). "[R]equests [for post-conviction relief] may not continue *ad infinitum*." *Glass v. State*, 45 So. 3d 1200, 1202 (¶4) (Miss. Ct. App. 2010).

¶12.    "A successive PCR motion is prohibited unless a prisoner can show the existence of newly discovered evidence that would alter the outcome of the prisoner's sentence, an intervening decision from the United States Supreme Court or State of Mississippi, or, in the case of a prisoner who has filed a prior petition requesting DNA testing, DNA test results that were not previously presented or available." *Id.* at (¶5) (citing Miss. Code Ann. § 99-39-23(6) (Supp. 2009)). However, Mississippi Code Annotated section 99-39-5 (2) (Rev. 2015) provides that procedural bars are not applicable where an appellant argues that the sentence has expired or that probation or parole has been improperly revoked.

¶13.    Here, Avery asserts that his post-release supervision was unlawfully revoked, overcoming the procedural bar. Accordingly, we will address the merits of his claim.

>    II.    *Whether Avery's probation and post-release supervision sentences should run consecutively.*

6

¶14. As stated, Avery argues that the circuit court violated section 99-19-21 of the Mississippi Code Annotated when it ordered that his post-release supervision run concurrently to the terms of his probation in cause number 645-02. Section 99-19-21(2) provides, in relevant part, that:

> [w]hen a person is sentenced to imprisonment for a felony committed while the person was on parole, probation, earned-release supervision, post-release supervision or suspended sentence, the imprisonment shall commence at the termination of the imprisonment for the preceding conviction. The term of *imprisonment* for a felony committed during parole, probation, earned-release supervision, post-release supervision or suspended sentence shall not run concurrently with any preceding term of *imprisonment*.

(Emphasis added).

¶15. Here, Avery's imprisonment sentence in cause number 691-06 was ordered to be served consecutively with and subsequent to the sentence in cause number 645-02—not in violation of Mississippi Code Annotated section 99-19-21. Although Avery is correct in his assertion that he was to serve his probation and post-release supervision terms concurrently, his incarceration sentence properly falls within the confines of the statute.[3] Therefore, this issue lacks merit.

¶16. **AFFIRMED.**

**GRIFFIS, C.J., BARNES AND CARLTON, P.JJ., WILSON, GREENLEE AND TINDELL, JJ., CONCUR. McDONALD, LAWRENCE AND McCARTY, JJ., NOT PARTICIPATING.**

---

[3] The sentencing order reads that "[T]he probation terms for said sentences shall run concurrently with each other. . . ."