BARNES, J.,
for the Court:
¶ 1. Taforest Chandler appeals the Circuit Court of Lowndes County’s denial of his motion for post-conviction relief. Finding no error, we affirm.
STATEMENT OF FACTS AND PROCEDURAL HISTORY
¶ 2. In May and November 2001, a Lowndes County grand jury indicted Chandler for the crimes of sale of cocaine and involvement in a drive-by shooting, respectively. In August 2002, Chandler entered guilty pleas for both offenses. In return, three other criminal charges were retired to the files. The trial court sentenced Chandler to fifteen years for the sale-of-cocaine charge and ten years for the drive-by-shooting charge, with the sentences to run consecutively in the custody *443 of the Mississippi Department of Corrections (MDOC). Chandler was twenty-one years of age at the time.
¶ 3. Seven years later, on August 10, 2009, Chandler moved the trial court for a reduction of his sentence, claiming that it had failed to consider his “mental defects” in sentencing him. Chandler attached an exhibit to his motion: a discharge summary from a psychiatric facility in Meridian, Mississippi, where Chandler spent approximately one month when he was ten years old for evaluation and treatment. There, Chandler was diagnosed with severe “oppositional defiant disorder,” mild “attention deficit hyperactivity disorder,” and borderline mental retardation. Chandler states he was temporarily placed in restraints for erratic behavior in this facility and prescribed an antipsychotic medication, Mellaril. However, since his release, Chandler admits he has been constantly in and out of incarceration (both training schools and prison) which prevented him from receiving any ongoing psychiatric care and taking his prescribed medication. Chandler argued that while his sentence was legal,' it was unduly harsh and excessive in light of these circumstances; thus, it should be reduced.
¶ 4. The trial court overruled and denied Chandler’s motion because it was filed beyond the three-year statute of limitations provided in Mississippi Code Annotated section 99-39-5(2) (Supp.2009). Chandler timely appealed.
STANDARD OF REVIEW
¶ 5. The reviewing court will not disturb the trial court’s denial of a motion for post-conviction unless the trial court’s findings of fact are erroneous. Brown v. State, 731 So.2d 595, 598 (¶ 6) (Miss.1999). Questions of law are reviewed de novo. Id.
ANALYSIS
¶ 6. The trial court found Chandler’s motion was filed past the three-year statute of limitations provided in section 99-39-5(2); therefore, it was time-barred. We agree. Section 99-39-5(2) states that in the case of a guilty plea, a motion for post-conviction relief must be filed within three years of the entry of the judgment of conviction. Chandler entered his pleas of guilty for the two charges on August 23, 2002. He filed his motion for a reduction in sentence, which the trial court properly treated as a motion for post-conviction relief, on August 10, 2009, well past the three-year statute of limitations. Section 99-39-5(2) provides for some exceptions to the statute of limitations, such as those cases where there has been an intervening state or federal supreme court decision that would adversely affect the outcome of the conviction, new evidence not reasonably available at the time of trial which would cause a different result in conviction, or an expired sentence. Here, however, the trial court found no such exceptions apply, and we agree.
¶ 7. Chandler argues for the first time on appeal that his plea counsel was ineffective for failing to present to the trial court, during sentencing, evidence of Chandler’s “mental defects.” We note Chandler does not raise the issue of ineffective assistance of counsel in his motion before the trial court. It is well settled that issues not raised before the trial court for resolution are procedurally barred from being raised for the first time before the appellate court. Foster v. State, 716 So.2d 538, 540 (¶ 7) (Miss.1998). This issue is, thus, procedurally barred.
¶ 8. In spite of the procedural bar, we find Chandler’s ineffeetive-assistance-of-counsel claim is without merit. He contends post-conviction relief is warranted *444 because, due to his counsel’s ineffectiveness in not raising his “mental defects” during sentencing, his sentence was imposed in violation of his due-process rights. It is true that the statute of limitations does not apply to “errors affecting fundamental constitutional rights.” Ivy v. State, 731 So.2d 601, 603 (¶ 13) (Miss.1999). However, “the mere assertion of a constitutional right violation is not sufficient to overcome the time bar. There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Stovall v. State, 873 So.2d 1056, 1058 (¶ 7) (Miss.Ct.App.2004). More specifically, claims of constitutionally ineffective assistance of counsel must be sufficiently supported in order to overcome the time bar. Barnes v. State, 949 So.2d 879, 881 (¶ 7) (Miss.Ct.App.2007) (citing Maston v. State, 750 So.2d 1234, 1237 (¶ 14) (Miss.1999)). We find insufficient support in the record and no merit to Chandler’s claim that because his plea counsel did not present evidence of Chandler’s psychiatric hospital stay approximately eight years previous to the dates of the crimes at issue, when he was ten years of age, his counsel was constitutionally ineffective. Accordingly, the trial court did not err in denying Chandler’s motion for post-conviction relief.
¶ 9. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., LEE AND MYERS, P.JJ, IRVING, GRIFFIS, ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR.