CARLTON, J„
for the Court:
¶ 1. William Avery appeals the order of the Lauderdale County Circuit Court dismissing his motion for post-conviction relief (PCR) as time-barred under Mississippi Code Annotated section 99-89-5(2) (Supp.2011). Avery raises the following assignments of error: whether (1) he received an illegal sentence in violation of his double-jeopardy rights; (2) he was denied effective assistance of counsel; and (3) his guilty plea was entered unknowingly, involuntarily, and unintelligently. Finding no error, we affirm.
FACTS
¶ 2. In November 2002, a grand jury before the Lauderdale County Circuit Court indicted Avery for a drug offense under Mississippi Code Annotated section 41-29-139 (Supp.2011), with the sentencing enhancement for violations of the Uniform Controlled Substances Law while in possession of a firearm pursuant to Mississippi Code Annotated section 41-29-152 (Supp.2011).[1] On May 20, 2003, Avery signed a petition to enter a guilty plea to possession of methamphetamine (41.5 grams). See Miss.Code Ann. § 41-29-139(c)(1)(e). Then, on June 20, 2003, the trial court sentenced Avery to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with five years to serve, ten years suspended, and five years of reporting probation under the supervision of the MDOC. Subsequently, Avery was released on parole in 2004.[2] Avery’s suspended sentence and probation were later revoked by the trial court in 2010, and he was ordered to serve the remainder of his ten-year sentence.
¶ 3. On March 31, 2011, Avery filed a PCR motion, which the trial court dismissed as time-barred. Avery appeals.
STANDARD OF REVIEW
¶ 4. The standard for reviewing a circuit court’s summary dismissal of a PCR motion is well established. Mississippi Code Annotated section 99-39-11(2) (Supp.2011) states: “If it plainly appears from the face of the motion, any annexed exhibits and the prior proceedings in the case that the movant is not entitled to any relief, the judge may make an order for its dismissal and cause the petitioner to be notified.” “Pursuant to this section, the Mississippi Supreme Court has held that ‘a trial court may summarily dismiss a petition for PCR, without having held an evidentiary hearing, when it is clear that the petitioner is not entitled to relief under the Uniform Post-Conviction Collateral Relief Act.’ ” Parker v. State, 71 So.3d 620, 623 (¶ 6) (Miss.Ct.App.2011) (quoting State v. Santiago, 773 So.2d 921, 923-24 (¶11) (Miss.2000)). “This Court has established that dismissal of a PCR motion is proper where ‘it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.’” Id.
*1180 DISCUSSION
¶ 5. The trial court found that Avery filed his PCR motion outside of the three-year statute of limitations as set forth in Mississippi Code Annotated section 99-39-5(2); therefore, the PCR motion was time-barred. We agree. Section 99-39-5(2) provides that a PCR motion following a guilty, plea shall be made “within three (3) years after entry of the judgment of conviction.” In this case, Avery signed a petition to enter a guilty plea to possession of methamphetamine under section 41-29-139(c)(l)(e) on May 20, 2003. The trial court then entered a sentencing order on June 20, 2003. Avery filed his PCR motion on March 31, 2011—well past the three-year statute of limitations. Therefore, on its face, Avery’s PCR motion was untimely filed.
¶ 6. In Chandler v. State, 44 So.3d 442, 443 (¶ 6) (Miss.Ct.App.2010), this Court stated as follows:
Section 99-39-5(2) provides for some exceptions to the statute of limitations, such as those cases where there has been an intervening state or federal supreme court decision that would adversely affect the outcome of the conviction, new evidence not reasonably available at the time of trial which would cause a different result in conviction, or an expired sentence.
Here, the trial court determined that no such exceptions apply, and we agree.
¶7. Avery, however, argues that the filing of his PCR motion is excepted from the time bar because his fundamental constitutional rights are at stake. Specifically, Avery claims the trial court imposed a sentence exceeding that set forth in his guilty-plea petition in violation of his constitutional protection against double jeopardy. Thus, Avery contends that when his parole was revoked in 2010, he was subjected to an illegal sentence. In making this argument in his brief, Avery states as follows:
The [petitioner was sentenced under [Mississippi Code Annotated section] 41-29-139, to serve a term of fifteen (15) years in the custody of the [MDOC] with ten (10) years of such sentence suspended, five (5) years to serve[,] and five (5) years [of] reporting probation under the supervision of the [MDOC]. After the defendant has completed the service of five (5) years in the custody of the [MDOC] and is honorably discharged therefrom, the defendant is remanded to the supervision of the [MDOC] to complete the probationary portion of this sentence under the jurisdiction of court[.] Myers v. State, 583 So.2d 174 (Miss.1991)[.] Avery was assured by his counsel and the prosecutor[,] that he would receive (5) years [i]f he excepted [sic] the plea of guilty ... for the amended charge of simple possession of methamphetamine. This was only double jeopardy. Rowland v. State, 42 So.3d 503 [ (Miss.2010) ].
[[Image here]]
The [petitioner should only receive ... five (5) years[,] because a cap was put on the guilty plea[,] and any time further then [sic] five (5) years would be an illegal sentence[.] [T]hat would violate a person [sic] fundamental right, and a fundamental right ... would be excepted from procedural bars.
Avery also argues that: (1) his counsel rendered ineffective assistance by failing to object to the trial court’s imposition of his “illegal” sentence; and (2) he entered an unknowing, unintelligent, and involuntary guilty plea.
¶ 8. While it is true that the statute of limitations does not apply to errors affecting fundamental constitutional rights, we recognize that “the mere assertion of a *1181 constitutional^] right violation is not sufficient to overcome the time bar.” Chandler, 44 So.3d at 444 (¶ 8) (citation omitted). “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Id.; see also Rowland, 42 So.3d at 508 (¶ 14) (“[A]s the protection against double jeopardy is a fundamental right, we will not apply a procedural bar[.]”).
¶ 9. We find no merit to Avery’s claim that he received an illegal sentence violating his double-jeopardy rights. “The Double Jeopardy Clause ‘prevents a second prosecution for the same offense after acquittal, [protects] against a second prosecution for the same offense after conviction, and [protects] against multiple punishments for the same offense.’” Ewing v. State, 34 So.3d 612, 616 (¶ 14) (Miss.Ct.App.2009). As we have stated, in this case, Avery pleaded guilty to possession of methamphetamine under section 41-29-139, and the trial court sentenced him to serve a term of fifteen years in the custody of the MDOC, with five years to serve, ten years suspended, and five years of reporting probation under the supervision of the MDOC. Avery was subsequently released on parole in 2004. He was discharged by MDOC after his initial five-year term on May 1, 2008. Avery’s suspended sentence and probation were later revoked by the trial court in 2010, and Avery was ordered to serve the remainder of the ten-year sentence previously imposed. Clearly, Avery was not prosecuted for the same offense after acquittal; he was not subjected to a second prosecution for the same offense after conviction; and he did not receive multiple punishments for the same offense. Further, the trial judge acted within his discretion in reinstating Avery’s ten-year sentence that was previously suspended. See Pruitt v. State, 953 So.2d 302, 304-05 (¶¶ 6-8) (Miss.Ct.App.2007). See also Miss.Code Ann. § 47-7-37 (Rev.2011).[3] Thus, no violation of Avery’s double-jeopardy rights . occurred.
¶ 10. Moreover, we recognize that Avery’s signed guilty-plea petition reflects that Avery understood that the trial court was not bound by the State’s sentencing recommendations. The record reflects that Avery’s plea petition states, in part, as follows:
a. I know also that the sentence is up to the court; that the court is not required to carry out any understanding made by me and my attorney with the [district [attorney, and further, that the [c]ourt is not required to follow the recommendation of the [district [attorney, if any....
b. I enter a blind plea; both the [district [attorney and I shall have the opportunity to present testimony and evidence at the sentencing hearing, as well as make a recommendation of sentence to the court.[4]
1111. It is well-established in Mississippi “that the imposition of a sentence upon a criminal conviction belongs within the sound discretion of the trial court (not the prosecutor) and generally is not subject to appellate review if it is within the limits prescribed by the applicable statute. This includes sentences based on guilty pleas.” Burrough v. State, 9 So.3d 368, 372 (¶ 10) *1182 (Miss.2009) (internal citations omitted). Accordingly, we find no merit to Avery’s arguments.
¶ 12. Next, Avery argues that his claims that he received ineffective assistance of counsel and entered an unknowing, involuntary, and unintelligent guilty plea are sufficient to invoke his fundamental-rights exception. We disagree. As previously stated, “the mere assertion of a constitutional[-]right violation is not sufficient to overcome the time bar.” Chandler, 44 So.3d at 444 (¶8) (citation omitted). “There must at least appear to be some basis for the truth of the claim before the limitation period will be waived.” Id; see also Bailey v. State, 65 So.3d 349, 350-51 (¶ 5) (Miss.Ct.App.2011). In order to prevail on a claim of ineffective assistance of counsel, Avery must demonstrate: (1) his trial attorney rendered deficient performance, and (2) this deficiency deprived him of a fair trial. White v. State, 59 So.3d 633, 636 (¶ 12) (Miss.Ct.App.2011) (citing Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)) (citation omitted). A review of the record shows that Avery failed to make the required showing on either prong. Furthermore, we recognize that while the record shows that Avery raised the issues of ineffective assistance of counsel and the violation of his double-jeopardy rights in his PCR motion, he failed to present the issue of whether his guilty plea was involuntarily, unintelligently, and unknowingly entered. “It is well settled that issues not raised before the trial court for resolution are procedurally barred from being raised for the first time before the appellate court.” Chandler, 44 So.3d at 443 (¶ 7) (citing Foster v. State, 716 So.2d 538, 540 (¶ 7) (Miss.1998)).
¶ 13. Therefore, we find that none of the statutory exceptions under section 99-39-5(2) apply to Avery’s case. We further find that nothing in Avery’s PCR motion survived the procedural bar of section 99-39-5(2). The trial court committed no error in dismissing Avery’s PCR motion as time-barred.
¶ 14. THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUD-ERDALE COUNTY.
LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, MAXWELL, RUSSELL AND FAIR, JJ., CONCUR. ROBERTS, J., NOT PARTICIPATING.

. This Court is provided this information from the trial court's order dismissing Avery's PCR motion. Avery’s indictment is not in the record before us.

. The trial court’s order dismissing Avery's PCR motion states that Avery was released on parole on pending special conditions in 2004. Avery’s Discharge Certificate included in the record is dated May 1, 2008.

. Section 47-7-37 dictates that "the court ... may continue or revoke all or any part of the ... suspension of sentence, and may cause the sentence imposed to be executed or may impose any part of the sentence which might have been imposed at the time of conviction.”

. The following handwritten language was provided at the conclusion of this section: "with a cap of 5 yrs[.]/rec. by DA[.]"