# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CP-00768-COA

**WILLIAM ANTONIO AVERY A/K/A WILLIAM AVERY**                    **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                    **APPELLEE**

DATE OF JUDGMENT:              05/19/2014
TRIAL JUDGE:                         HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED:   LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT:      WILLIAM ANTONIO AVERY (PRO SE)
ATTORNEY FOR APPELLEE:       OFFICE OF THE ATTORNEY GENERAL
                             BY: STEPHANIE BRELAND WOOD
NATURE OF THE CASE:          CIVIL - POST-CONVICTION RELIEF
TRIAL COURT DISPOSITION:     MOTION FOR POST-CONVICTION RELIEF
                             DENIED
DISPOSITION:                 AFFIRMED - 07/28/2015
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE IRVING, P.J., BARNES AND FAIR, JJ.**

**BARNES, J., FOR THE COURT:**

¶1.     William Avery, appearing pro se, appeals the Lauderdale County Circuit Court's

denial of his motion for post-conviction relief (PCR).  Finding no error, we affirm.

### STATEMENT OF FACTS AND PROCEDURAL HISTORY

¶2.     In November 2002, Avery was indicted by a Lauderdale County grand jury for one

count of possession of 41.5 grams of methamphetamine with intent to distribute, or the lesser

crime of possession.  Since Avery had been previously convicted under the Mississippi

Uniform Controlled Substances Act, the State sought an enhanced sentence under Mississippi

Code Annotated section 41-29-147 (Rev. 2013). Avery's charge was also enhanced under Mississippi Code Annotated section 41-29-152 (Rev. 2013) due to his possession of a firearm at the time of the drug offense.

¶3. On May 20, 2003, Avery entered a blind plea of guilty to the crime of possession of 41.5 grams of methamphetamine. On June 20, 2003, the trial judge sentenced Avery to a term of fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with ten of those years suspended, five years to serve, and five years of probation. At some point, Avery was released on parole. In April 2010, Avery violated the conditions of his parole by being charged with sale of cocaine and felony fleeing.[1] In October 2010, the trial court revoked Avery's probation and sentenced him to serve the remainder of his fifteen-year sentence, or ten years, in the custody of the MDOC.

¶4. In March 2011, Avery filed an untimely PCR motion, arguing that his double-jeopardy rights were violated because the trial court imposed a sentence exceeding that in his guilty plea when his probation was revoked, and his counsel rendered ineffective assistance by failing to object to the trial court's imposition of this "illegal sentence." *See Avery v. State*, 102 So. 3d 1178, 1180, 1182 (¶¶7, 12) (Miss. Ct. App. 2012).[2] The trial court denied Avery's motion as time-barred, and Avery appealed. On May 15, 2012, this Court affirmed the trial court's dismissal of his PCR motion, holding it to be time-barred, without statutory

---

[1] Avery was indicted for these charges, went to trial, and was found guilty.

[2] Avery's first PCR motion is not a part of the record on this appeal; the information is taken from our prior opinion.

exceptions, and without merit. *See id*. at 1182 (¶¶11, 13). This Court declined to address the issue of whether Avery's guilty plea was voluntary, as he did not raise it before the trial court in his PCR motion.

¶5.     In February 2014, Avery filed a second PCR motion, arguing that he was denied due process when the trial court obtained his guilty plea, allegedly in violation of Rule 8.04(A)(4)(b) of the Uniform Circuit and County Court Rules,[3] because "the trial court had [him] sign an agreed 'order accepting plea and setting sentencing' that stated [he] would not be sentenced to serve more than five years, but sentenced [him] to fifteen years on his sentencing date." The trial court denied Avery's PCR motion, finding it untimely, successive, and without merit. Avery now appeals.

## STANDARD OF REVIEW

¶6.     When reviewing a trial court's denial of a PCR motion, this Court will not disturb the trial court's factual findings unless they are clearly erroneous. Questions of law are reviewed de novo. *Moore v. State*, 986 So. 2d 928, 932 (¶13) (Miss. 2008).

## ANALYSIS

¶7.     We agree with the trial court that Avery's PCR motion is time-barred, successive, and substantively without merit.

¶8.     Under the Uniform Post-Conviction Collateral Relief Act (UPCCRA), a PCR motion

---

[3] This rule states that when a defendant pleads guilty, it is the duty of the trial court to inquire and determine "[t]hat the accused understands the nature and consequences of the plea, and the maximum and minimum penalties provided by law." URCCC 8.04(A)(4)(b).

challenging a guilty plea must be filed within three years of the entry of the judgment of conviction. Miss. Code Ann. § 99-39-5(2) (Supp. 2014). In addition, a trial court's denial of a PCR motion is a final judgment and bars a second or successive motion unless an exception applies. Miss. Code Ann. § 99-39-23(6) (Supp. 2014).

¶9. Here, both procedural bars apply. Avery pleaded guilty and was sentenced in 2003. His second PCR motion was filed in February 2014, over ten years later. Accordingly, his PCR motion is time barred. Additionally, Avery filed two PCR motions. His initial PCR motion was filed in March 2011. This Court affirmed the trial court's dismissal of the PCR motion as time barred and without merit. *See Avery*, 102 So. 3d at 1182 (¶¶11, 13). Approximately three years later, he filed this second PCR motion, which is accordingly barred as a successive motion.

¶10. Further, as the trial court stated, no statutory exceptions apply to the procedural bar, such as an intervening United States or Mississippi Supreme Court decision, conclusive evidence "not reasonably discoverable at the time of trial," or an unlawful revocation of probation, as provided in sections 99-39-5(2) or 99-39-23(6) of the UPCCRA.

¶11. Avery argues that his second PCR motion is excepted from any procedural bar under *Rowland v. State*, 42 So. 3d 503 (Miss. 2010), because his fundamental right to due process was violated. It is true that the supreme court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the UPCCRA." *Rowland*, 42 So. 3d at 507 (¶¶9, 12). Further, "denial of due process at sentencing" is one of the four

4

types of "fundamental rights" recognized by the supreme court to survive procedural bars since *Rowland*, as articulated in *Boyd v. State*, 155 So. 3d 914, 918 (¶13) (Miss. Ct. App. 2014). Therefore, like the trial court, we shall address the merits of Avery's "fundamental rights" argument.

¶12.    Avery argues that he was denied due process when the trial court allegedly misled him concerning the consequences of his guilty plea regarding his sentence, in violation of Rule 8.04(A)(4)(b). Avery maintains that according to his plea agreement, he would only serve a maximum of five years; he claims that he was not informed that his sentence included a suspended or "split" sentence.[4]

¶13.    This argument is without merit. Avery's plea petition, signed on May 20, 2003, states that if convicted of the indicted offense of possession of 41.5 grams of methamphetamine with intent to distribute and felon in possession of a weapon, he could be sentenced to a maximum of 120 years' imprisonment. Hence he agreed to an amended charge of simple possession of 41.5 grams of methamphetamine. He acknowledged that by pleading guilty to this lesser offense, his possible sentence could be a maximum of thirty years' imprisonment. In the plea petition, he also acknowledged that it was a "blind plea," his sentence was at the trial court's discretion, and he and the district attorney agreed to "cap . . . the sentence at five years." However, Avery was aware that if the trial court did not accept

_____

[4] Avery makes a similar argument about his sentence in his untimely initial PCR motion, in the context of double jeopardy and ineffective assistance of counsel, in an obvious attempt to overcome the time-bar through claimed "fundamental rights" violations.

the plea-bargain agreement, he had the right to withdraw his guilty plea. However, the trial court did cap his initial sentence at five years to serve.

¶14.   The agreed order Avery signed on May 20, 2003, states: "If [Avery] appears on the date and time above, he will be sentenced consistent with the agreement . . . to cap the initial sentence of time to actually serve at five (5) years." The order imposing the sentence stated that Avery was sentenced to fifteen years in the custody of the MDOC, with ten of those years suspended, five years to serve, and five years of reporting probation. The sentencing order is consistent with the plea petition and agreed order. The sentencing order also informed Avery of his probation conditions, stating: "Failure to abide by any one of [the listed] conditions is sufficient to revoke the suspended portion of this order. Probation is a privilege. It is not a right. It may be revoked for the slightest violation of this order." The conditions included not committing any unlawful offenses while on probation. Yet, in April 2010, while on probation, Avery was charged with sale of cocaine and felony fleeing. He was later convicted of both charges.

¶15.   It is apparent that Avery was not initially sentenced to serve fifteen years, but only five years. When his probation was revoked in 2010, the trial court did not violate Avery's due-process rights by imposing his suspended sentence of ten years, which was indicated in the plea petition, agreed order, and sentencing order. Nor can we say the trial court misled Avery in any way about the consequences of his guilty plea and sentence, or the possibility of imposing his suspended sentence if he violated any probation conditions. Accordingly,

6

the trial court did not err in denying Avery's PCR motion.

**¶16.     THE JUDGMENT OF THE CIRCUIT COURT OF LAUDERDALE COUNTY DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.**

**        LEE, C.J., IRVING AND GRIFFIS, P.JJ., ISHEE, CARLTON, MAXWELL, FAIR AND JAMES, JJ., CONCUR.  WILSON, J., NOT PARTICIPATING.**