## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CP-00942-COA

**RICHARD KINNEY A/K/A RICHARD ALAN KINNEY A/K/A RICHARD A. KINNEY A/K/A RICHARD ALLEN KINNEY**                    APPELLANT

**v.**

**STATE OF MISSISSIPPI**                    APPELLEE

DATE OF JUDGMENT: 05/21/2015
TRIAL JUDGE: HON. LESTER F. WILLIAMSON JR.
COURT FROM WHICH APPEALED: LAUDERDALE COUNTY CIRCUIT COURT
ATTORNEY FOR APPELLANT: RICHARD KINNEY (PRO SE)
ATTORNEY  FOR APPELLEE: OFFICE OF THE ATTORNEY GENERAL BY: ALICIA MARIE AINSWORTH
NATURE OF THE CASE: CIVIL - POSTCONVICTION RELIEF
TRIAL COURT DISPOSITION: DISMISSED MOTION FOR POSTCONVICTION RELIEF
DISPOSITION: AFFIRMED - 10/25/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE ISHEE, P.J., CARLTON AND JAMES, JJ.**

**ISHEE, P.J., FOR THE COURT:**

¶1. Richard Kinney appeals the dismissal of his motion for postconviction relief (PCR) by the Lauderdale County Circuit Court.  Kinney argues that his guilty plea for the underlying offense of lustful touching of a child should have been withdrawn.  Finding no error, we affirm.

### FACTS

¶2. On November 19,  2007, Kinney was indicted on one count of sexual battery and one count of lustful touching of a child.  On April 2, 2008, Kinney filed a petition to enter a

guilty plea. After a hearing, the trial court accepted his guilty plea and found him guilty of lustful touching of a child. Pursuant to the plea agreement, the sexual-battery charge was dismissed. Kinney was sentenced to fifteen years in the custody of the Mississippi Department of Corrections (MDOC), with all fifteen years suspended and five years of postrelease supervision. In addition, Kinney was required to register as a sex offender.

¶3. In 2009, Kinney violated his probation, including failing to register as a sex offender and failing to notify his probation officer of a change of address and change of employment. After a revocation hearing, his probation was revoked and he was ordered to serve the fifteen years in the custody of MDOC. In 2014, Kinney filed a PCR motion arguing that his guilty plea should have been withdrawn. The trial court dismissed the PCR motion because the motion was procedurally barred. This appeal ensued.

## LAW AND DISCUSSION

¶4. This Court will not reverse a trial court's dismissal of a PCR petition unless the trial court's decision was clearly erroneous. *Agent v. State*, 30 So. 3d 370, 370 (¶5) (Miss. Ct. App. 2010). A trial court may summarily dismiss a PCR motion where "it plainly appears from the face of the motion, any annexed exhibits, and the prior proceedings in the case that the movant is not entitled to any relief." *White v. State*, 59 So. 3d 633, 635 (¶4) (Miss. Ct. App. 2011) (quoting Miss. Code Ann. § 99-39-11(2) (Supp. 2010)). Questions of law receive a de novo review. *Id.*

¶5. Because Kinney pleaded guilty, he had three years from the entry of the judgment of

his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Kinney did not file his PCR motion within three years, and therefore, his claim is procedurally barred. However, errors affecting fundamental constitutional rights are excepted from the procedural bar. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. App. Ct. 2010). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id.*

¶6.    Kinney asserts that a "person can't maintain his innocence and plea [sic] guilty at the same time." Therefore, Kinney argues that the trial court's acceptance of his guilty plea violated his due-process and equal-protection rights.[1]

¶7.    Kinney's assertions that his constitutional rights have been violated are without merit. The record indicates that Kinney entered an *Alford* plea. In *North Carolina v. Alford*, 400 U.S. 25 (1970), the United States Supreme Court found no constitutional error in accepting a guilty plea despite a protestation of innocence when the defendant knowingly and intelligently concluded that his best interests required entry of the guilty plea, and the trial

---

[1] Kinney also makes a cursory assertion that he received ineffective assistance of counsel. However, the issue is waived for failure to support the ineffective-assistance-of-counsel claim with authority. *See Varvaris v. Perreault*, 813 So. 2d 750, 753 (¶6) (Miss. Ct. App. 2001) ("The law is well established in Mississippi that this Court is not required to address any issue that is not supported by reasons and authority." (Citation omitted). *See also* M.R.A.P. 28(a)(6).

court made a determination on the record that there was strong evidence of actual guilt. In short, an *Alford* plea is when the trial court accepts a guilty plea despite a defendant's protestation of innocence when there is strong evidence of guilt.

¶8. Such is the case at bar. Despite Kinney's contention, a defendant may accept a guilty plea *and* maintain his innocence. The plea colloquy makes evident that Kinney was asked several times regarding his understanding of the plea agreement. The trial court specifically asked: "[Y]ou're entering a plea of guilty on a lustful touching charge; however, you're alleging that you're . . . not technically guilty of that offense; right?" To which Kinney responded, "Correct."

¶9. Statements such as these made in open court under oath are viewed as highly credible. *Gable v. State*, 748 So. 2d 703, 706 (¶11) (Miss. 1999). Furthermore, if the defendant is advised regarding the nature of the charge and the consequences of the plea, then the plea is considered voluntary and intelligent. *Alexander v. State*, 605 So. 2d 1170, 1172 (Miss. 1992). If the defendant's claims "are substantially contradicted by the court record of the proceedings that led up to the entry of the judgment of guilt," the trial court may disregard such claims. *Cole v. State*, 918 So. 2d 890, 895 (¶14) (Miss. Ct. App. 2006). Kinney's assertions in his PCR motion are substantially contradicted by the record. As such, Kinney has not overcome the procedural bar. *Chandler*, 44 So. 3d at 444 (¶8).

¶10. Since Kinney has not overcome the procedural bar, we affirm the trial court's dismissal of Kinney's PCR motion.

4

¶11.   THE JUDGMENT OF THE LAUDERDALE COUNTY CIRCUIT COURT DISMISSING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LAUDERDALE COUNTY.

LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, FAIR, JAMES, WILSON AND GREENLEE, JJ., CONCUR.