## IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

### NO. 2015-CP-01217-COA

ALLEN NICOLAOU                                             APPELLANT

v.

STATE OF MISSISSIPPI                                        APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 04/24/2015 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLEN NICOLAOU (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: JOSEPH SCOTT HEMLEBEN |
| NATURE OF THE CASE: | CIVIL - POSTCONVICTION RELIEF |
| TRIAL COURT DISPOSITION: | DENIED MOTION FOR POSTCONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 12/06/2016 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE LEE, C.J., BARNES AND ISHEE, JJ.**

**ISHEE, J., FOR THE COURT**:

¶1.     On October 22, 1984, in Hancock County Circuit Court, Allen Nicolaou pleaded guilty to two counts of murder, two counts of kidnapping, and one count of armed robbery. In 2014, Nicolaou filed a motion for postconviction relief (PCR) arguing that he was denied due process of law, because the trial court failed to conduct a "sanity hearing" prior to accepting his guilty pleas. The trial court denied the PCR motion, and Nicolaou now appeals. Finding no error, we affirm.

**FACTS**

¶2. In April 1984, Nicolaou was indicted on two counts of capital murder,[1] two counts of kidnapping, and one count of armed robbery. On April 25, 1984, Nicolaou was admitted to the Mississippi State Hospital for a mental examination regarding his competency to stand trial and his degree of criminal responsibility.

¶3. On June 12, 1984, Doctors Helen Robertson and Margie Lancaster, of the Mississippi State Hospital, concluded that Nicolaou was competent to stand trial. Their reports specifically found that Nicolaou knew the difference between right and wrong at the time of the crimes, and that he appreciated the consequences of his actions. Their reports were submitted to the trial court on June 15, 1984.

¶4. On October 22, 1984, Nicolaou pleaded guilty to all counts of the indictment. For the two murder charges, Nicolaou was sentenced to two terms of life imprisonment, to be served consecutively in the custody of the Mississippi Department of Corrections (MDOC). For the charge of armed robbery, Nicolaou was sentenced to forty years in the custody of the MDOC, with the sentence to run consecutively to the sentence imposed for the murder charges. Additionally, for the two kidnapping charges, Nicolaou was sentenced to two terms of thirty years, with one term to run consecutively to the armed-robbery charge, and one term to run concurrently to the murder sentences.

¶5. On November 21, 2014, Nicolaou filed a PCR motion in Hancock County Circuit Court. He raised two issues: (1) that he was denied due process of law because the trial court failed to conduct a "sanity hearing" in accordance with Rule 9.06 of the Uniform Rules of

---

[1] The capital-murder counts were later reduced from capital murder to murder.

2

Circuit and County Court prior to accepting Nicolaou's guilty pleas; and (2) that his trial counsel was ineffective. He seeks an acquittal or, in the alternative, to set aside his guilty plea and allow him to proceed to trial with an affirmative defense of "temporary insanity."

**LAW AND DISCUSSION**

¶6. This Court will not reverse a trial court's dismissal of a PCR motion unless the trial court's decision was clearly erroneous. *Agent v. State*, 30 So. 3d 370, 370 (¶5) (Miss. Ct. App. 2010). Because Nicolaou pleaded guilty, he had three years from the entry of the judgment of his conviction to file a PCR motion pursuant to Mississippi Code Annotated section 99-39-5(2) (Rev. 2015). Nicolaou did not file his PCR motion within three years; therefore, his PCR motion is procedurally barred.

¶7. However, errors affecting fundamental constitutional rights are excepted from the procedural bar. *Rowland v. State*, 42 So. 3d 503, 506 (¶9) (Miss. 2010). "But mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. App. Ct. 2010). "There must at least appear to be some basis for the truth of the claim before the [procedural bar] will be waived." *Id.*

¶8. Here, Nicolaou asserts that his fundamental right to due process was violated because a "sanity" hearing was not conducted prior to his guilty plea. Nicolaou points to Rule 9.06 for support. However, his reliance is misplaced. At the time of Nicolaou's plea hearing, Rule 9.06 was not in effect, and would not be in effect for another decade; instead, Rule 4.08

3

of the Uniform Circuit Court Criminal Rules was in effect,[2] and stated in pertinent part:

> (1) Inability to Stand Trial. If before or during trial the court, of its own motion or upon motion of counsel, has reasonable ground to believe that the defendant is insane, the court shall order the defendant to submit to a mental examination by some competent psychiatrist selected by the court in accordance with Miss. Code Ann. § 99-13-11 (1972).
>
> If the examination determines that the defendant is sane, the court shall proceed to trial.

The Mississippi Supreme Court interpreted Rule 4.08 in *Underwood v. State*, 708 So. 2d 18, 26 (¶23) (Miss. 1998), and held:

> Under this rule, a trial court is obligated to order a competency hearing "whenever a reasonable question of the defendant's capacity arises." *Howard v. State*, 697 So. 2d 415, 422 (Miss. 1997) (citing *Conner v. State*, 632 So. 2d 1239, 1248 (Miss. 1993); *Pate v. Robinson*, 383 U.S. 375 (1966)). "The determination of what is 'reasonable,' of course, rests largely within the discretion of the trial judge. He sees the evidence first-hand; he observes the demeanor and behavior of the defendant." *Conner*, 632 So. 2d at 1248.

¶9. Based on the record before this Court, medical reports by two independent doctors confirmed that Nicolaou was competent to stand trial and that he appreciated right from wrong. The trial court had no reason to believe, based on the evidence presented, that Nicolaou was incompetent to stand trial; thus, the trial court was not obligated to order or conduct a competency hearing. Further, the trial court was able to observe Nicolaou's demeanor and behavior firsthand, and the trial court determined that it was appropriate to proceed with the guilty plea, as is within its sole discretion.

¶10. In addition, both Rules 9.06 and 4.08 relate to a determination of a defendant's

---

[2] While Uniform Circuit Court Criminal Rule 4.08 was the governing rule in 1984 when Nicolaou pleaded, it was replaced by Uniform Rule of Circuit and County Court 9.06 in 1995.

*competency* at the time of the trial, not the defendant's *sanity* at the time of the crime. *See Sanders v. State*, 9 So. 3d 1132, 1134 (¶5) (Miss. 2009) (emphasis added). "Competency" and "sanity" are two distinct legal concepts. A defendant is competent if he possesses "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding and a rational as well as factual understanding of the proceedings against him." *Beasley v. State*, 136 So. 3d 393, 398 (¶13) (Miss. 2014) (quoting *Dusky v. United States*, 362 U.S. 402, 402 (1960)). However, a defendant's "sanity" is based on "whether the defendant was unable to distinguish right from wrong at the time the act was committed." *Russell v. State*, 729 So. 2d 781, 784 (Miss. 1987). "There is a presumption that an accused is sane and, therefore, the burden is initially on the accused to introduce evidence creating a reasonable doubt as to his sanity at the time of the act." *White v. State*, 542 So. 2d 250, 252 (Miss. 1989).

¶11. Nicolaou asserts he was unable to present his affirmative defense of insanity because he was deprived of his right to a "sanity hearing." But the "determination of a defendant's sanity is within the province of the jury," not the trial court. *Woodham v. State*, 800 So. 2d 1148, 1158 (¶29) (Miss. 2001). Thus, the appropriate time to raise the affirmative defense of insanity is at trial. Whether or not Nicolaou had a competency hearing has no bearing on whether he could have asserted an insanity defense. As the trial court pointed out, Nicolaou was not prohibited from asserting an insanity defense, as he alleges, but he simply failed to present one. Therefore, that defense is procedurally barred from appellate review.

¶12. Lastly, Nicolaou argues that his counsel was ineffective because his counsel failed to

5

assert an insanity defense on his behalf. However, this claim is time-barred, and Nicolaou has not presented evidence to overcome such a procedural bar. *See Chandler*, 44 So. 3d at 444 (¶8). Because the trial court's denial of Nicolaou's PCR motion was not clearly erroneous, the trial court's decision is affirmed.

¶13. **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT DENYING THE MOTION FOR POSTCONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO HANCOCK COUNTY**.

**LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, CARLTON, JAMES, WILSON AND GREENLEE, JJ., CONCUR. FAIR, J., NOT PARTICIPATING.**