ON WRIT OF CERTIORARI
WALLER, CHIEF JUSTICE,
FOR THE COURT:
¶ 1. Dillon Williams pleaded guilty to burglary and aggravated assault, and the Marshall County Circuit Court sentenced him to twenty years’ imprisonment for the aggravated assault and twenty-five years’ imprisonment for the burglary. In addition, pursuant to Mississippi Code Section 99-19-355, the circuit court applied a twenty-year enhancement to the aggravated-assault charge because Williams’s victim was an elderly woman. Dillon filed a petition for post-conviction relief (PCR) in which he contends that he was deprived of his right to be sentenced by a jury to the twenty-year enhancement. We hold that Williams waived his right to sentencing by a jury when he pleaded guilty. Accordingly, his claims have no merit. We affirm the judgment of the trial court that denied Williams’s request for post-conviction relief, and we the affirm the judgment of the Court of Appeals. See Williams v. State, 218 So.3d 1190, 2016 WL 1117659 (Miss. Ct. App. March 22, 2016).
I. Williams’s petition has no merit, because he waived his right to a jury at sentencing by knowingly and intelligently entering a plea of guilty.
¶ 2. As noted above, Williams pleaded guilty. In the instant petition for post-conviction relief, he contends that the trial court erred in failing to convene a jury for purposes of sentencing him to the twenty-year enhancement codified in Mississippi Code Section 99-19-355, which provides, in pertinent part:
(1) Upon conviction or adjudication of guilt of a defendant where notice has been duly given that an enhanced penalty will be sought ..., the court shall conduct a separate sentencing proceeding to determine the sentence. The proceeding shall be conducted by the trial judge before the trial jury as soon as practicable.... If trial by jury has been waived, or if the defendant pleaded guilty, the sentencing proceeding shall be conducted before a jury impaneled for that purpose. If the defendant enters a plea of guilty and waives trial by jury for the sentencing proceeding, the sentencing proceeding shall be conducted before the trial judge sitting without a jury. In the proceeding, evidence may be presented as to any matter that the court deems relevant to sentence....
(2) In order to impose an enhanced penalty under the provisions of Sections 99-19-351 through 99-19-357, the jury must find beyond a reasonable doubt:
(a) That the defendant perceived, knew, or had reasonable grounds to know or perceive that the victim was within the class delineated; and
(b) That the defendant maliciously and with specific intent committed the offense to any victim who is sixty-five (65) years of age or older or who is disabled as- described in 42 USCS 12102.
Miss. Code Ann. § 99-19-355 (Rev. 2015). Williams’s contention that the trial judge erred in denying him a jury at sentencing is wholly without merit, as he explicitly waived a jury and admitted to the facts necessary to prove the enhancement.
*267 ¶ 3. The grand jury included the Section 99-19-355 enhancement in the indictment against Williams. See Miss. Code Ann. § 99-19-351 (Rev. 2015). According to Williams’s Plea of Guilty, entered by the trial court on November 10, 2010, Williams pleaded guilty not only to the burglary charge but also to the Section 99-19-355 enhancement. During the plea colloquy, the trial judge said the following:
Q. ... If I accept your plea, it’s with the understanding that you are telling me that you are guilty under your oath and that gives me the power and the authority to sentence you to the maximum penalty or anything less. Whatever I think you deserve and your crime warrants. ... Now, before you could be found guilty, the State would have to prove each and every element of the indictment or the information. ... [T]he State has got to prove what they have got you charged with by competent relevant evidence and as I said it must be a unanimous verdict before you can be found guilty....
(Emphasis added.) The State charged Williams with the Section 99-19-355 enhancement in the indictment. Therefore, when the trial court warned Williams that the State would have to prove each and every element of the indictment with competent, relevant evidence and obtain a unanimous verdict to succeed, the trial court informed Williams that, absent his plea, the State would have to prove all allegations of the indictment, including the enhancement, to a jury. That Williams knew he acted to waive his right to a jury for purposes of the enhancement is borne out by the following exchange, which took place as the trial judge directly addressed Williams:
Q. Before you could be found guilty— well, let me back up here, the burglary of a dwelling, home invasion carries with it 25 years and if that penalty is enhanced, of course it could be fifty years and with your aggravated assault it carries with it 20 years and if enhanced it could carry with it 40 years; you understand that?
A. Yes, sir.
Q. Now before you could be found guilty the State would have to prove that Dillon Dwayne [sic] Williams ... did unlawfully, willfully, felo-niously and vigariously [sic] break and enter the dwelling of Pat Crumb [sic] ... under circumstances likely to terrorize Pat Crumb who occupied said dwelling at the time of the offense and their [sic] situated in the dwelling was [sic] certain goods, wares, chattels or merchandise of personal property for the use of Pat Crumb and you intended to take, steal and carry away some of that personal property, did you do that?
A. Yes, sir.
Q. And it further alleges that you committed the aforesaid offense of burglary, against the victim, Pat Crumb, who was over the age of 65 at the time of the offense and upon conviction, it could be enhanced, do you understand that?
A. Yes, sir.
After making sure Williams understood that he was waiving his right to have the State prove the charges against him to a jury, the trial judge went over the pertinent charges as to which a jury would be so waived, including the enhancement charge.
¶ 4. While the appellant’s brief discusses the written plea agreement at some length, *268 it wholly fails to address or even acknowledge the above-quoted exchanges during the plea colloquy, by which the trial judge clearly made Williams aware that he would be waiving a jury as to the enhancement. When a defendant such as Williams enters a knowing and voluntary guilty plea, he “waives certain constitutional rights, among them the privilege against self-incrimination, the right to confront and cross-examine the State’s witnesses, the right to a jury trial, and the right to have the State prove each element of the offense beyond a reasonable doubt,” Joiner v. State, 61 So.3d 156, 159 (¶ 7) (Miss. 2011). Williams voluntarily and knowingly pleaded guilty. The trial judge informed him of the elements of the crime against him and informed him that, in pleading guilty, he- waived the right to have a jury decide the truth of the charges 'against him'—including the enhancement at issue. Accordingly, Williams’s basic claim—that the trial court imparted an illegal sentence by failing to empanel a jury for sentencing—has no merit.
II. The sentence imposed upon Williams is not illegal.
 ¶5. Williams contends that the sentence imposed upon him is illegal. However, even had Williams not waived his right to- sentencing by a jury when he entered his plea of guilty, as the Court of Appeals correctly concluded, the sentence imposed by the circuit court is not illegal. “[A] sentence is not illegal unless it .exceeds the maximum statutory penalty for the crime.” Foster v. State, 148 So.3d 1012, 1016 (¶ 12) (Miss. 2014) (quoting Grayer v. State, 120 So.3d 964, 969 (¶ 16) (Miss. 2013)). The.sentence imparted to Williams in the case sub judice does not exceed the statutory maximum and therefore is a ilegal sentence.
CONCLUSION
¶ 6. Williams waived his statutory right to have a jury sentence him pursuant to Mississippi Code Section 99-19-365 and, even had he not done so, the sentence imparted upon him is not illegal. Accordingly, his petition is without merit. We affirm the ; judgments of the Marshall County Circuit Court and the Court of Appeals.
• ¶ 7. AFFIRMED.
DICKINSON AND RANDOLPH, P.JJ., COLEMAN, MAXWELL, BEAM AND CHAMBERLIN, JJ., CONCUR. COLEMAN, J., CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY DICKINSON AND RANDOLPH, P.JJ., AND BEAM, J.; MAXWELL, J., JOINS IN PART. KING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KITCHENS, J,