# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2019-CP-00197-COA

**ALLEN NICOLAOU**                                                                 **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                                                          **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/02/2019 |
| TRIAL JUDGE: | HON. CHRISTOPHER LOUIS SCHMIDT |
| COURT FROM WHICH APPEALED | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | ALLEN NICOLAOU (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAURA HOGAN TEDDER |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 05/28/2020 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE CARLTON, P.J., TINDELL AND McDONALD, JJ.

### TINDELL, J., FOR THE COURT:

¶1.     On October 22, 1984, Allen Nicolaou pled guilty to murder, kidnapping, and armed robbery in the Hancock County Circuit Court.  On October 22, 2018, Nicolaou filed his second unsuccessful motion for post-conviction-collateral relief (PCR).  Nicolaou now appeals from the circuit court's denial of his second PCR motion.  Upon review, we find Nicolaou's motion to be time-barred and successive-writ-barred, and we therefore affirm the circuit court's decision.

## FACTS AND PROCEDURAL HISTORY

¶2.     A grand jury indicted Nicolaou for two counts of capital murder, two counts of

kidnapping, and one count of armed robbery in April 1984.[1]  On April 25, 1984, the Mississippi State Hospital conducted a mental examination on Nicolaou to determine his competency to stand trial and his degree of criminal responsibility.  On June 15, 1984, two doctors from the Mississippi State Hospital submitted detailed reports to the circuit court, finding Nicolaou competent to stand trial.  On October 22, 1984, Nicolaou pled guilty to two counts of murder,[2] two counts of kidnapping, and one count of armed robbery.

¶3.     On October 6, 2014, Nicolaou filed his first PCR motion, arguing that (1) the circuit court violated his due process rights by failing to conduct a "Rule 9.06[3] sanity hearing" before his guilty plea, and (2) he received ineffective assistance of counsel.  The circuit court denied Nicolaou's first PCR motion, and on appeal, this Court affirmed.  *Nicolaou v. State*, 215 So. 3d 498, 499 (¶1) (Miss. Ct. App. 2016).  On October 22, 2018, Nicolaou filed his second PCR motion.  Nicolaou argued that the circuit court violated his due process rights and his right to confrontation by failing to conduct a mandatary mental competency hearing.  On January 2, 2019, the circuit court denied Nicolaou's PCR motion, finding that the issues raised in his motion were identical to those raised in his first unsuccessful PCR motion.  Aggrieved, Nicolaou appeals.

**STANDARD OF REVIEW**

¶4.     "We review the dismissal or denial of a PCR motion for abuse of discretion. We will

---

[1] The facts and procedural history largely come from the facts of our previous opinion in *Nicolaou v. State*, 215 So. 3d 498, 499-500 (¶¶2-5) (Miss. Ct. App. 2016).

[2] Nicolaou's capital murder charges were reduced to "murder" charges.

[3] URCCCP 9.06.

2

only reverse if the [circuit] court's decision is clearly erroneous. When reviewing questions of law, our standard is de novo." *Ware v. State*, 258 So. 3d 315, 317-18 (¶7) (Miss. Ct. App. 2018) (quoting *Hughes v. State*, 106 So. 3d 836, 838 (¶4) (Miss. Ct. App. 2012)).

## ANALYSIS

¶5. We first find that Nicolaou's PCR motion is time-barred. Mississippi Code Annotated section 99-39-5(2) (Rev. 2015) requires all PCR motions to be filed within three years after the circuit court enters a judgment of conviction. The circuit court entered Nicolaou's judgments of conviction on October 22, 1984, and Nicolaou filed his current PCR motion October 22, 2018—more than thirty years later. Therefore, Nicolaou's PCR motion is time-barred.

¶6. We also find Nicolaou's motion to be successive-writ barred. The Uniform Post-Conviction Collateral Relief Act states that an order dismissing or denying a movant's requested relief serves as a final judgment and bars all "second or successive motions." Miss. Code Ann. § 99-39-23(6) (Rev. 2011). Because Nicolaou filed his first unsuccessful PCR motion on October 6, 2014, his current PCR motion constitutes his second attempt at post-conviction relief and is thereby barred as a successive motion.

¶7. To overcome the aforementioned procedural bars, Nicolaou must "show by a preponderance of the evidence that an exception to the procedural bars exists." *Kennedy v. State*, 287 So. 3d 258, 264 (Miss. Ct. App. 2019), *cert. denied*, 279 So. 3d 1087 (Miss. 2019). Errors affecting one's fundamental constitutional rights constitute proper exceptions to the procedural bar. *Id*. "Only four fundamental-rights exceptions have been expressly found to

3

survive procedural bars: (1) the right against double jeopardy; (2) the right to be free from an illegal sentence; (3) the right to due process at sentencing; and (4) the right to not be subject to ex post facto laws." *Nichols v. State*, 265 So. 3d 1239, 1242 (¶10) (Miss. Ct. App. 2018).

¶8.     Nicolaou attempts to overcome the procedural bars by asserting that his fundamental due process and confrontation rights were violated when he was denied a mental competency hearing.  Upon review, we find that the issues addressed in Nicolaou's current PCR motion were properly addressed and decided upon in *Nicolaou v. State*, 215 So. 3d 498 (Miss. Ct. App. 2016).  In Nicolaou's first PCR motion, Nicolaou argued that the circuit court violated his due-process rights by failing to conduct a "Rule 9.06 sanity hearing" following his mental evaluation at the Mississippi State Hospital.  In his current PCR motion, Nicolaou claims that his use of the term "sanity hearing" instead of "competency hearing" was used against him, and therefore, his prior argument was misconstrued.  We disagree.

¶9.     In our previous opinion, this Court not only addressed the conflation of the terms "competency" and "sanity," but we also addressed Nicolaou's current argument regarding the circuit court's failure to hold a competency hearing.  We first clarified that Uniform Rule of Circuit and County Court 4.08, rather than Rule 9.06, was in effect at the time of Nicolaou's plea hearing.  *Nicolaou*, 215 So. 3d at 500 (¶8).  But we also found that "both Rules 9.06 and 4.08 relate to a determination of a defendant's *competency* at the time of the trial, not the defendant's *sanity* at the time of the crime."  *Id*. at 501 (¶10) (citing *Sanders v. State*, 9 So. 3d 1132, 1134 (¶5) (Miss. 2009)).  Regarding Nicolaou's competency, we held:

4

> Based on the record before this Court, medical reports by two independent doctors confirmed that Nicolaou was competent to stand trial and that he appreciated right from wrong. The trial court had no reason to believe, based on the evidence presented, that Nicolaou was incompetent to stand trial; thus, the trial court was not obligated to order or conduct a competency hearing. Further, the trial court was able to observe Nicolaou's demeanor and behavior firsthand, and the trial court determined that it was appropriate to proceed with the guilty plea, as is within its sole discretion.

*Id*. at (¶9). We ultimately found that Nicolaou failed to prove any applicable fundamental-rights exception, and we therefore affirmed the circuit court's denial of Nicolaou's first PCR motion. *Id*. at 502 (¶12). Regardless of Nicolaou's conflated phraseology, this Court properly addressed and decided his current competency argument in our previous opinion.

¶10. Also, as the State points out, Nicolaou waived his right to confrontation when he pled guilty. While the Mississippi Supreme Court has held that "an accused criminal has a fundamental right to confront witnesses testifying against him[,]" *Johnson v. State*, 204 So. 3d 763, 770 (¶22) (Miss. 2016), the right to confrontation is not expressly included as a fundamental-rights exception to the PCR procedural bars. To the contrary, the Supreme Court has held that "a knowing and voluntary guilty plea waives certain constitutional rights, among them . . . the right to confront and cross-examine the State's witnesses[.]" *Williams v. State*, 222 So. 3d 265, 268 (¶40) (Miss. 2017). We, therefore, find that Nicolaou has failed to establish any applicable fundamental-rights exception, and his PCR request is successive-writ-barred.

**CONCLUSION**

¶11. Movants receive "one bite at the apple when requesting PCR." *Owens v. State*, 281 So. 3d 863, 866 (¶8) (Miss. Ct. App. 2019). Upon review, we find that Nicolaou's PCR

motion is time-barred and successive-writ-barred, and no exception applies here. As such, we affirm the circuit court's denial of Nicolaou's PCR motion.

¶12. **AFFIRMED.**

**BARNES, C.J., CARLTON AND J. WILSON, P.JJ., GREENLEE, WESTBROOKS, McDONALD, LAWRENCE AND C. WILSON, JJ., CONCUR. McCARTY, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**