# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2020-CP-00053-COA

**MICHAEL HENRY HEARN A/K/A MICHAEL HENRY HERN A/K/A MICHAEL HERN**                      **APPELLANT**

**v.**

**STATE OF MISSISSIPPI**                      **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 12/19/2019 |
| TRIAL JUDGE: | HON. LEE J. HOWARD |
| COURT FROM WHICH APPEALED: | OKTIBBEHA COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | MICHAEL HENRY HEARN (PRO SE) |
| ATTORNEY FOR APPELLEE: | OFFICE OF THE ATTORNEY GENERAL BY: LAUREN GABRIELLE CANTRELL |
| NATURE OF THE CASE: | CIVIL - POST-CONVICTION RELIEF |
| DISPOSITION: | AFFIRMED - 06/08/2021 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Michael Hearn sought post-conviction relief in the trial court challenging his 1979 guilty plea for the sale of a controlled substance (marijuana) to an undercover agent. Hearn asserted that (1) his indictment was defective and did not provide him with reasonable notice and an opportunity to be heard; (2) his counsel's assistance was ineffective; (3) his guilty plea was involuntary; (4) he is currently serving an illegal sentence; and (5) he was subjected to double jeopardy. The trial court denied his motion for post-conviction relief, stating that it was time-barred by the statute of limitations under Mississippi Code Annotated section 99-

39-5(2) (Rev. 2020).  We agree.

**FACTS AND PROCEDURAL HISTORY**

¶2.     On February 1, 1979, Hearn pled guilty to the sale of a controlled substance (marijuana) to an undercover agent and was sentenced to serve six years in custody.  In 1993, he was convicted of aggravated assault and sentenced to twenty years in custody. While serving this sentence, he was indicted as a habitual offender under Mississippi Code Annotated section 99-19-83 (Rev. 2020) for two counts of intimidating Lauderdale County Circuit Court Judges Larry E. Roberts and Robert Bailey.

¶3.     Prior to trial, Hearn was evaluated at the Mississippi State Hospital and was found to be competent to stand trial and legally sane. After a two-day trial, he was found guilty of both counts. Due to his violent-habitual-offender status, Hearn was sentenced to serve two terms of life without eligibility for parole. Hearn appealed these convictions, which the Mississippi Supreme Court upheld.

¶4.     Forty years later, Hearn filed a claim for relief in the Oktibbeha County Circuit Court seeking to challenge his guilty plea from the 1979 conviction for sale of a controlled substance (marijuana). The trial court denied relief, finding in part that his motion was time-barred under the statute of limitations. The court further found that his motion did not meet any of the exceptions provided by statute for post-conviction relief. Lastly, the trial court found that even if the motion was not procedurally barred, Hearn's motion partially concerned a conviction in Lauderdale County Circuit Court and was therefore not within the jurisdiction of the Oktibbeha County Circuit Court. Hearn now appeals.

**DISCUSSION**

¶5. Hearn appeals the denial of his motion for post-conviction relief (PCR) challenging his 1979 guilty plea for the sale of a controlled substance (marijuana) to an undercover agent. Under our standard of review, "[w]hen reviewing a trial court's denial or dismissal of a PCR motion, we will only disturb the trial court's factual findings if they are clearly erroneous; however, we review the trial court's legal conclusions under a de novo standard of review." *Alexander v. State*, 228 So. 3d 338, 340 (¶7) (Miss. Ct. App. 2017) (quoting *Jackson v. State*, 178 So. 3d 807, 809 (¶8) (Miss. Ct. App. 2014)).

¶6. Section 99-39-5(2) states:

> A motion for relief under this article shall be made within three (3) years after the time in which the petitioner's direct appeal is ruled upon by the Supreme Court of Mississippi or, in case no appeal is taken, within three (3) years after the time for taking an appeal from the judgment of conviction or sentence has expired, or in case of a guilty plea, within three (3) years after entry of the judgment of conviction. . . .

The statute then lists exceptions to this procedural bar.

¶7. Hearn's conviction dates back to 1979, and his PCR motion was filed decades later outside of the three-year window. Additionally, his PCR motion does not meet any statutory exceptions.

¶8. Hearn asserts on appeal that his right against double jeopardy was infringed upon and that he is being illegally detained. Hearn made vague assertions that his constitutional rights were violated but provided no analysis or support for this argument in his brief. Our supreme court has held that "errors affecting fundamental constitutional rights are excepted from the procedural bars of the [Uniform Post-Conviction Collateral Relief Act]." *Rowland v. State*,

42 So. 3d 503, 507 (¶12) (Miss. 2010). However, "mere assertions of constitutional-rights violations do not suffice to overcome the procedural bar." *White v. State*, 59 So. 3d 633, 636 (¶11) (Miss. Ct. App. 2011) (citing *Chandler v. State*, 44 So. 3d 442, 444 (¶8) (Miss. Ct. App. 2010)). "There must at least appear to be some basis for the truth of the claim before the procedural bar will be waived." *Id*. (emphasis omitted). Hearn has not provided any basis for the claim; therefore it is without merit.

## CONCLUSION

¶9. Finding no abuse of discretion by the trial court, we affirm.

¶10. **AFFIRMED.**

**BARNES, C.J., CARLTON AND WILSON, P.JJ., GREENLEE, McDONALD, LAWRENCE, McCARTY AND EMFINGER, JJ., CONCUR. SMITH, J., NOT PARTICIPATING.**